IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CURTIS LALLA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 5:19-cv-00542 |
| | § | |
| G & H TOWING COMPANY, | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Plaintiff CURTIS LALLA and complains of Defendant G & H TOWING COMPANY, ("G & H") and for his cause of action would show the Court as follows:

**INTRODUCTION**

1.    This action seeks damages, liquidated damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States.

**PARTIES**

2.    Plaintiff CURTIS LALLA is an individual who is a resident of Kerr County, Texas.

3.    Defendant G & H TOWING COMPANY is an entity which may be served through its registered agent, David S. Hill, Pelican Island #8, 200 Pennzoil Rd., Galveston, Texas 77554.

**JURISDICTION AND VENUE**

4.    Jurisdiction is evoked pursuant to 29. U.S.C. §2612-14; 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). This Court has jurisdiction over this matter as it involves a federal question based upon the Family and Medical Leave Act ("FMLA"). The Plaintiff was employed with Defendant G&H TOWING COMPANY, a corporation doing business within the territorial jurisdiction of the Court.

The damages incurred by Plaintiff as a result of Defendant's conduct exceed the minimal jurisdictional limits of the Court.

5. This action lies in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Kerr County, Texas.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

7. At all times relevant to this action, Plaintiff was an employee of G&H, a marine towing company. Plaintiff worked as Mate from 2006 to 2008 when he was promoted to Captain. Plaintiff performed his job duties well, was commended several times and never had any disciplinary history until his termination in May, 2017.

8. In March, 2017 Plaintiff requested, and was granted, a leave of absence in order to assist with managing family affairs. On or about May 21, 2017 Plaintiff requested paperwork to go on FMLA leave. On or about May 23, 2017, two days after requesting FMLA information, Plaintiff was notified that he was being terminated.

## CAUSES OF ACTION

### COUNT ONE - RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT AND LOSS OF EMPLOYMENT BENEFITS, TERMS AND CONDITIONS OF EMPLOYMENT AFTER TAKING FMLA LEAVE

9. The allegations contained in Paragraphs 1 through 8 are hereby incorporated by reference.

10. The FMLA contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of

entailments which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking or seeking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant has violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

11.     Plaintiff availed himself of a protected right under the FMLA, and was subsequently terminated, and there is a causal connection between the Plaintiff's protected activity and the decision to terminate Plaintiff made by Defendant. Plaintiff's request for FMLA leave was a motivating factor in the decision to terminate away, and as such was a cause of Plaintiff's damages, as set forth below.

## DAMAGES

12.     By the aforesaid acts and omissions of defendant, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of past earnings and future earnings, front pay and back pay, interest on back pay and front pay, employment benefits in the past, and employment benefits in the future, liquidated and compensatory damages, attorneys' fees, expert fees, costs of suit and other pecuniary loss not presently ascertained, in an amount to be proved at trial.

13.     Plaintiff additionally brings suit for all compensatory damages including but not limited to future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

14. Due to FMLA violations, Plaintiff further seeks all damages including all wages and benefits denied or lost by the violations, actual monetary losses sustained as a direct result of the violations, interest on the lost wages/benefits or actual monetary losses, liquidated damages equal to the sum of the lost wages/benefits or actual monetary losses, attorneys' fees, expert witness fees and costs. See 29 U.S.C. §2617(a)(1).

## ATTORNEYS' FEES

15. Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorneys' fees, expert fees and costs under the FMLA. Plaintiff seeks all attorneys fees in this case which include preparation and trial of this lawsuit; post-trial, pre-appeal legal services; an appeal to the Court of Appeals; making or responding to an application for writ of error to the United States Supreme Court; an appeal to the United States Supreme Court in the event application for writ of error is granted; and post-judgment discovery and collection in the event execution on the judgment is necessary.

## JURY DEMAND

16. Plaintiff hereby demands a trial by jury on all issues in this Complaint.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

    A.    For actual damages provided by law;

    B.    For liquidated and punitive damages as allowed by law;

    C.    Reinstatement in his former position with his former accounts;

    D.    For attorneys' fees;

    E.    For pre-judgment and post-judgment interest as allowed by law;

F.       For costs of court, costs of prosecuting Plaintiff's claim; and

G.       For such other and further relief to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile
jmelton@jfmeltonlaw.com


*/s/ John F. Melton*
John F. Melton
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF